UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Daniel W., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | Civil Action No. 2:22–cv–88 |

**OPINION AND ORDER**
(Doc. 28)

The Commissioner of the Social Security Administration (Commissioner) has filed a "Motion to Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." (Doc. 28.)  For the reasons discussed below, the Motion is DENIED.  Under Federal Rule of Civil Procedure 60(a) and its inherent power to modify its own orders, the Court removes from its June 16, 2023 Opinion and Order (O&O) the citation to recently rescinded Social Security Ruling (SSR) 96-5p. (Doc. 23 at 18).  *See Daniel W. v. Kijakazi*, Civil Action No. 2:22-cv-88, 2023 WL 4044349, at *9 (D. Vt. June 16, 2023).

**Background**

Plaintiff Daniel W. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, requesting review and remand of the decision of the Commissioner denying his applications for Disability Insurance Benefits and Supplemental Security Income.  On June 16, 2023, the Court issued an O&O granting Plaintiff's motion to reverse the Commissioner's decision, denying the Commissioner's motion to affirm the same, and remanding the matter for further

proceedings and a new decision. (Doc. 23.) In relevant part, the O&O finds that the ALJ "did not follow the applicable regulatory requirements in his evaluation of the opinions of Dr. [Craig] Bartlett . . . with respect to Plaintiff's ability to stand/walk," and that "the ALJ's assessment of these opinions is not supported by substantial evidence." (*Id.* at 13.) The O&O concludes that "the ALJ erred in his analysis of the medical opinions of Dr. Bartlett . . . regarding Plaintiff's ability to stand/walk," and "[t]his error requires remand, as an ALJ's flawed evaluation of medical opinion evidence . . . impacts the ALJ's assessment of a claimant's [RFC]." (*Id.* at 22 (second omission and second alteration in original) (internal quotation marks omitted).) Judgment issued on June 22, 2023. (Doc. 24.)

In her July 20, 2023 "Motion to Alter Judgment," the Commissioner states that she "does not dispute the court's decision to remand this case for further proceedings based on errors in the ALJ's evaluation of the medical evidence of record" (Doc. 28-1 at 1), and that "the Court reasonably determined that the ALJ erred when he discounted Dr. Bartlett's opinion" (*id.* at 2). Nonetheless, the Commissioner requests that the Court "remove an erroneous statement of law from its Opinion and Order" (*id.* at 1), including reference to SSR 96-5p, 1996 WL 374183, at *3 (1996), which was rescinded as of March 27, 2017 (*see id.* at 3). Specifically, the Commissioner appears to ask the Court to remove from its O&O the following statements:

> [T]he Commissioner may not disregard a treating physician's opinions on these issues. [*Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).] "Reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, but it does not exempt [ALJs] from their obligation . . . to explain why a treating physician's opinions are not being credited." *Id.*; *see* SSR 96-5p, 1996 WL 374183, at *3 (1996) ("The [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.").

(Doc. 23 at 17–18 (third and fourth alterations in original).) According to the Commissioner, under the revised regulations, ALJs do not have a duty to evaluate a medical source's opinion on an issue reserved to the Commissioner. (*See* Doc. 28-1 at 3 (citing 20 C.F.R. §§ 404.1520b(c), 416.920b(c)).) Therefore, the Commissioner asserts the ALJ was not required to evaluate Dr. Bartlett's statement that Plaintiff was "clearly disabled." (*Id.*)

Plaintiff responds that although SSR 96-5p was rescinded prior to the filing of Plaintiff's disability application, the new regulations still require that ALJs "review all of the evidence relevant to [the claimant's] claim." (Doc. 30 at 1 (citing 20 C.F.R. § 404.1520c).) Therefore, Plaintiff disagrees with the Commissioner's position that the ALJ had no duty to evaluate Dr. Bartlett's statement that Plaintiff was "clearly disabled." (*Id.* (internal quotation marks omitted).)

## **Legal Standard**

The Commissioner brings this Motion under Federal Rule of Civil Procedure 59(e). The Second Circuit recognizes three principal grounds for reconsideration under either Rule 59(e) or Rule 60(b)[1]: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *see B.D. v. Kijakazi*, No. 2:21-cv-49, 2023 WL 2398458, at *2 (D. Vt. Mar. 2, 2023) (denying Rule 59(e) motion for reconsideration where "Commissioner has not pointed to a clear error of law or manifest injustice that would require reopening the case to alter or amend the Court's

---

[1] "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or [a motion for relief from a judgment or order under] Rule 60(b)." *Lareau v. Nw. Med. Ctr.*, Case No. 2:17-cv-81, 2019 WL 4963057, at *1 (D. Vt. Oct. 8, 2019) (quoting *Hill v. Washburn*, No. 08–CV–6285–CJS, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013)); *see Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995).

3

judgment"); *Young v. Donovan*, Case No. 5:20-cv-175, 2021 WL 299556, at *2 (D. Vt. Jan. 25, 2021) (denying Rule 60(b) motion for reconsideration where "[Plaintiff] cites no new facts, case law, or other authority suggesting that the court's prior analysis . . . should be reconsidered").

The standard for granting a motion for reconsideration "must be 'narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues and prevent [motions for reconsideration] from being used to advance theories not previously argued or as a substitute for appealing a final judgment.'" *Leise v. Vermont Hum. Rts. Comm'n*, Case No. 2:22-cv-00009, 2023 WL 4247768, at *1 (D. Vt. June 29, 2023) (alteration in original) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (internal quotation marks omitted)).  The Second Circuit has explained that the standard for granting a Rule 59(e) motion for reconsideration is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

"The federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988) (internal quotation marks omitted).  Although Rule 59(e) "covers a broad range of motions," the motion "must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (quoting 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (2d ed. 2008) (footnote omitted)).

4

**Analysis**

The Commissioner does not argue that the requested modification of the O&O would substantively alter the O&O or judgment in Plaintiff's favor. To the contrary, the Commissioner "does not dispute the court's decision to remand [the] case for further proceedings based on errors in the ALJ's evaluation of the medical evidence of record." (Doc. 28-1 at 1); *see id*. at 4 (noting that the requested modification of the O&O "would not affect the Court's ruling that the ALJ failed to properly evaluate Dr. Bartlett's opinion, which the Commissioner does not dispute"). Although the Court erroneously cited rescinded SSR 96-5p (*see* Doc. 23 at 18), the material findings and conclusions of law in the O&O remain correct. The reference to SSR 96-5p followed a quotation from *Snell v. Apfel*, 177 F.3d 128 (2d Cir. 1999). The quoted sentence read: "Reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, but it does not exempt [ALJs] from their obligation . . . to explain why a treating physician's opinions are not being credited." (Doc. 23 at 18 (alteration and omission in original) (quoting *Snell*, 177 F.3d at 134).) The Commissioner presents no law stating that the quoted sentence from *Snell* has been overruled or otherwise determined to be no longer good law.

The Commissioner is correct that, for claims filed after March 27, 2017, ALJs are not required to "provide any analysis about how [they] considered" a medical source's "[s]tatements that [the claimant is or is] not disabled." That does not mean, however, that ALJs have no obligation to consider that medical source's opinions overall. The revised regulation merely states that ALJs will not analyze "[s]tatements on issues reserved to the Commissioner," given that the Commissioner is "responsible for making the determination or decision about whether [the claimant is] disabled." 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3). This does not relieve

5

ALJs of their responsibility under the regulations to: (1) "consider" and "evaluate the persuasiveness of" all medical opinions contained in the record, *id.* at §§ 404.1520c(a), 416.920c(a); (2) "articulate" in their decisions "how persuasive [they] find all of the medical opinions," *id.* at §§ 404.1520c(b), 416.920c(b); and (3) "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," *id.* at §§ 404.1520c(b)(2), 416.920c(b)(2); *see Andrew G. v. Comm'r of Soc. Sec.*, 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) ("Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'") (alterations in original) (quoting 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1))).

Although Dr. Bartlett did in fact make a statement on an issue reserved to the Commissioner—he stated in a Medical Source Statement that Plaintiff is "clearly disabled" (AR 699)—he also made other statements including medical findings and opinions on issues *not* reserved to the Commissioner. (*See, e.g.*, AR 699, 700, 810.) The O&O does not find that the ALJ should have found persuasive Dr. Bartlett's statement that Plaintiff is disabled. Rather, the O&O notes that statements, such as Dr. Bartlett's, which are "on issues reserved to the Commissioner," are "not determinative or entitled to special weight." (Doc. 23 at 17.) The O&O further states that the Commissioner is "relieve[d] . . . of having to credit a doctor's finding of disability." (*Id.* at 18.) (quoting *Snell*, 177 F.3d at 134). The O&O nevertheless finds that the ALJ should have considered the other parts of Dr. Bartlett's opinion—along with the evidence

6

supporting that opinion, including Dr. Bartlett's own treatment notes and the treatment notes of other medical sources—in determining whether the opinion is persuasive or not.  (*Id.* at 13–20.)[2]

Courts generally require that ALJs consider all medical opinions in the record, recognizing that the ALJ is not required to consider any statements on issues reserved to the Commissioner.  *See, e.g.*, *Rodin v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-00900-SAB, 2023 WL 3293423, at *17 (E.D. Cal. May 5, 2023) ("The Court agrees with . . . [other] courts that simply because a record contains a statement reserved for the Commissioner, does not necessarily mean the entire record does not contain a 'medical opinion.'"); *M.H. v. Kijakazi*, Civil Action No. 1:21-cv-01797-CNS, 2023 WL 2401063, at *6 (D. Colo. Mar. 8, 2023) ("The Court agrees with the Commissioner that the ALJ is not required to consider opinion statements regarding a claimant's ability to work (the "final issue"), but the Commissioner has supplied no law or argument in support of the contention that statements about functional limitations are equally valueless simply because they are contained in the same document as an opinion about the final issue . . . ."); *Robbie G. v. Kijakazi*, No. 4:20-cv-05230-MKD, 2022 WL 1843980, at *5 (E.D. Wash. Mar. 7, 2022) ("The new regulations dictate that statements such as Plaintiff is not able to work are statements are 'inherently neither valuable nor persuasive' and the ALJ 'will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c'[;] [h]owever, as Plaintiff points out, Dr. Cancado provided numerous specific findings, not just 'sweeping conclusions the claimant is unable to work,' and the ALJ is required to articulate his consideration of Dr. Cancado's medical opinions under the new

---

[2] The O&O cited *Snell* for the proposition that "the Commissioner may not disregard a treating physician's opinions on [issues reserved to the Commissioner]" (Doc. 23 at 17–18).  This arguably conflicts with the new regulations, specifically 20 C.F.R. §§ 404.1520b(c)(3) and 416.920b(c)(3), which provide that the Social Security Administration "will not provide any analysis about how [it] considered . . . [s]tatements on issues reserved to the Commissioner."  However, resolution of this potential issue is not necessary on a Rule 59(e) or Rule 60(a) motion in which the requested alteration does not affect the outcome of the case.

regulations." (citation to record omitted) (citing 20 C.F.R. §§ 404.1520b(c), 404.1520c)); *Rivera v. Saul*, No. 5:19-CV-390-D, 2020 WL 4723170, at *5 (E.D.N.C. June 25, 2020) ("The only part of the opinions that may consist of a conclusion on an issue reserved to the Commissioner is Dr. Parsley's statement that Claimant has 'total occupational and social impairment'[;] [h]owever, even if that statement were inherently neither valuable nor persuasive, it is not the entirety of Dr. Parsley's opinion[;] [t]he ALJ was still required to 'articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions.'" (citation to record omitted) (quoting 20 C.F.R. § 404.1520c(b))), *report and recommendation adopted*, 2020 WL 4718382 (Aug. 12, 2020).

After extracting from Dr. Bartlett's Medical Source Statement (which the ALJ refers to as Dr. Bartlett's "opinion" (*see* AR 22)) the statement that Plaintiff is "clearly disabled" (AR 699), several statements remain that meet the definition of a "medical opinion" according to the applicable revised regulation, 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2), including that Plaintiff could stand and/or walk for only "less than 2 hours in an 8-hour workday" (AR 701) and that Plaintiff's pain due to his "severe leg shortening" would "interfere with his ability to complete job[-]related tasks in a timely manner or would . . . [reduce] his pace in performing work-related tasks (AR 699). *See* 20 C.F.R. §§ 404.1513(a)(2)(i)–(ii), 416.913(a)(2)(i)–(ii) ("A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in . . . [his or her] ability to perform physical demands of work activities, such as sitting, standing, [and] walking[, or in his or her] ability to perform mental demands of work activities, such as . . . maintaining concentration, persistence, or pace . . . .").

**Conclusion**

The Commissioner's Motion to Alter Judgment Pursuant to Rule 59(e) is DENIED because she has not demonstrated any clear error of law or manifest injustice that would require reopening the case to alter or amend the Court's judgment.

In circumstances where a party asks the court to correct a statement of law, Rule 60(a) is the more appropriate means for such relief.  The Rule provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, *order*, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a) (emphasis added); *see In re Marc Rich & Co. A.G.*, 739 F.2d 834, 836 (2d Cir. 1984) ("Rule 60(a) permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission." (internal quotation marks omitted)); *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958) ("It is axiomatic that courts have the power and the duty [under Rule 60(a)] to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake.")

As SSR 96-5p was rescinded by the Social Security Administration on March 27, 2017 for claims filed on or after that date, *see Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p*, 82 FR 15263-01, 2017 WL 1105348 (Mar. 27, 2017), under Rule 60(a) the Court corrects its June 16, 2023 O&O to remove citation to SSR 96-5p.  (*See* Doc. 23 at 18.)

Dated at Burlington, in the District of Vermont, this 24th day of October 2023.

                                                */s/ Kevin J. Doyle*
                                                Kevin J. Doyle
                                                United States Magistrate Judge